1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9  BARRY LONG, a Washington resident.　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
10　　　　　　　Plaintiff,　　　　　　　　　)　　**NO.**
　　　　　　　　　　　　　　　　　　　　　　)
11　vs.　　　　　　　　　　　　　　　　　　)　　**COMPLAINT FOR**
　　　　　　　　　　　　　　　　　　　　　　)　　**DECLARATORY AND**
12  DOWNTOWN WOODINVILLE, L.L.C., a　　　)　　**INJUNCTIVE RELIEF**
Washington corporation,　　　　　　　　　　)
13　　　　　　　　　　　　　　　　　　　　　)　　**JURY DEMAND**
　　　　　　　Defendant.　　　　　　　　　　)
14  _____)

15

16　　　　　　　COMES NOW, Plaintiff, Barry Long by and through his attorneys Lance

17  M. Hester of the Hester Law Group, Inc., P.S. and Conrad A. Reynoldson of Washington

18  Civil & Disability Advocate and for his Complaint for Declaratory and Injunctive Relief

19  states and alleges as follows:

20　　　　　　　　　　　　　　**I.  OVERVIEW**

21　　　　　　　1.　　　The Americans with Disabilities Act and the Washington Law

22  Against Discrimination require places of public accommodation to be accessible to

23  people with disabilities.

24

25

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 1

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

2.   A restaurant, bar, or other establishment serving food or drink is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

3.   Twenty-six years after the passage of the Americans with Disabilities Act, Defendant discriminates against individuals with disabilities because they own or operate places of public accommodation that do not comply with the ADA's accessibility laws and regulations that were enacted into law to protect persons with mobility disabilities.

4.   Therefore, Plaintiff brings this action to end to the Defendant's civil rights violations against persons with mobility disabilities committed by Downtown Woodinville, L.L.C. which rents the properties where Starbucks or Jimmy Johns operate their places of public accommodation.

## II. PARTIES

5.   Plaintiff, Barry Long, is a Washington resident and he resides in this district.

6.   Mr. Long is a qualified person with a disability who uses a manual wheelchair and a modified vehicle for transportation and requires accessible parking and an accessible route to patronize Starbucks and Jimmy Johns.

7.   Mr. Long patronizes Starbucks or Jimmy Johns at least once a week.

8.   Downtown Woodinville, L.L.C. is a Washington corporation.

9.   Sean T. Durbin is the Registered Agent for Downtown Woodinville, L.L.C.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 2

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

10.    The address for Downtown Woodinville, L.L.C.'s Registered Agent is 801 Second Avenue, Suite 1000, Seattle, WA 98104.

### III.  JURISDICTION AND VENUE

11.    This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

12.    This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

13.    This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

14.    Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district.

### IV.  FACTUAL ALLEGATIONS

15.    The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

16.    The ADA prohibits public accommodations from providing individuals with disabilities with separate or unequal benefits and services.

17.    The properties owned by Downtown Woodinville, L.L.C. are examples of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carrie Becker, Private Enforcement of the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 3

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

Americans with Disabilities Act Via Serial Litigation: Abusive or Commendable?, 17

HASTINGS WOMEN'S L.J. 93, 99 (2006).)

18.    Per 42 U.S.C. § 12101, the findings and purpose section of the

original ADA, "...individuals with disabilities continually encounter various forms of

discrimination, including outright intentional exclusion, the discriminatory effects of

architectural, transportation, and communication barriers, overprotective rules and

policies, failure to make modifications to existing facilities and practices, exclusionary

qualification standards and criteria, segregation, and relegation to lesser services,

programs, activities, benefits, jobs, or other opportunities..."

19.    Further, "...census data, national polls, and other studies have

documented that people with disabilities, as a group, occupy an inferior status in our

society, and are severely disadvantaged socially, vocationally, economically, and

educationally..." Id.

20.    Finally, "...the Nation's proper goals regarding individuals with

disabilities are to assure equality of opportunity, full participation, independent living,

and economic self-sufficiency for such individuals..." Id.

21.    Title III of the ADA states in relevant part: "No individual shall be

discriminated against on the basis of disability in the full and equal enjoyment of the

goods, services, facilities, privileges, advantages, or accommodations of any place of

public accommodation by any person who owns, leases (or leases to), or operates a place

of public accommodation." 42 U.S.C. § 12182(a).

22.    Mr. Long is a qualified individual with a disability within the

meaning of Title III of the ADA and the Washington Law Against Discrimination.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 4

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

23.     Mr. Long is a Woodiville resident and previously patronized Starbucks and Jimmy Johns using his wheelchair and modified vehicle, and he plans to do so again in the future.

24.     When Mr. Long patronized Starbucks and Jimmy Johns he observed a concerning lack of parking and accessible route accessibility.

25.     For example, the parking lot for Starbucks and Jimmy Johns has 25 or more spaces but no van accessible spaces. The 2010 ADA Standards require at least one van accessible parking space for lots with more than 25+ spaces. Therefore, the property is not in compliance with ADA standards.

26.     At Starbucks, the access aisle is 55". For regular accessible spaces, access aisles should be 60"; or for van accessible spaces, access aisles should be 96" for van accessible spaces that are 8' wide. The access aisle is not in compliance with ADA standards.

27.     At Jimmy Johns, the access aisle from the accessible parking does not connect to an accessible route. The 2010 ADA Standards require access aisles adjoin an accessible route. Therefore, the property is not in compliance with ADA standards.

28.     The accessible parking signs are posted at various heights on the lot including signs posted at 35", 30", and 29". The 2010 ADA Standards require signs be posted such that the bottom of the sign is at least 60" above the ground. The height of the signage is not in compliance with ADA standards.

29.     Starbucks and Jimmy Johns do not comply with the ADA's accessibility laws and regulations.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 5

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

30.    Starbucks and Jimmy Johns are not safe for people who use wheelchairs and modified vehicles to patronize because they do not comply with the ADA's accessibility laws and regulations.

31.    Downtown Woodinville, L.L.C.'s properties are not welcoming to people who require the use of use wheelchairs and modified vehicles because it does not comply with the ADA's accessibility laws and regulations.

32.    The failure of Downtown Woodinville, L.L.C. to make its property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

## V.  FIRST CAUSE OF ACTION

33.    Mr. Long incorporates by this reference the allegations in the paragraphs above.

34.    Mr. Long is a qualified individual with a disability within the meaning of Title III of the ADA.

35.    Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

36.    Defendant, Downtown Woodinville, L.L.C., owns or leases the property where Starbucks and Jimmy Johns are located.

37.    Starbucks and Jimmy Johns are places of public accommodation. 42 U.S.C. § 12181(7)(B).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 6

38.    Defendant has discriminated against Plaintiff on the basis of his disabilities.

39.    Defendant's discriminatory conduct includes but is not limited to:

a.    Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.    Provision goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.    Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

d.    Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

e.    Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

40.    As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the restaurants in

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 7

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

question in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

41.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Mr. Long, and this harm continues.

42.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Long to declaratory and injunctive relief. 42 U.S.C. § 12188.

43.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Long to recover his reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI.  SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

44.    Plaintiff, Mr. Long incorporates by this reference the allegations in the paragraphs above.

45.    Mr. Long is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

46.    Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

47.     Defendant, Downtown Woodinville, L.L.C., leases the property at 13780 NE 175th St, Woodinville 98072 to Starbucks and Jimmy Johns.

48.     Defendant has violated and continue to violate §§ 49.60.010 et seq. of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

49.     Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

50.     As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Long has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

51.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Mr. Long the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

52.     Mr. Long has a clear legal right to access Starbucks and Jimmy Johns under the Washington Law Against Discrimination.

53.     Mr. Long has the right for Defendant to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 9

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

54. Defendant does not comply with the ADA's accessibility laws and regulations.

55. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. See e.g. Kucera v. Dep't of Transp., 140 Wash. 2d 200, 209 (2000).

56. Pursuant to RCW § 49.60.030(2), Mr. Long is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

### VII. PRAYER FOR RELIEF

WHEREFORE, Mr. Long respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant Downtown Woodinville, L.L.C. to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Starbucks and Jimmy Johns property into compliance with the ADA's accessibility laws and regulations;

4. Award Mr. Long reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 122205 and Wash. Rev. Code§ 49.60.030(2);

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

5.    Award actual, compensatory, and/or statutory damages to Mr.
Long for violations of his civil rights as allowed under state and federal law;

6.    Award such additional or alternative relief as may be just, proper
and equitable.

DATED this 17th day of February, 2017.

HESTER LAW GROUP, INC., P.S.
Attorneys for Plaintiff


By: _____
Lance M. Hester
WSB#27813

WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff


By: _____
Conrad A. Reynoldson
WSB#48187

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134
conrad.wacda@gmail.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 11

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157